# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff, :    Case No. 3:08-cr-062
                                       Also Case No. 3:09-cv-396

                                         District Judge Walter Herbert Rice
   -vs-                               Magistrate Judge Michael R. Merz
                                :

DAVID W. HALL,

       Defendant.

## REPORT AND RECOMMENDATIONS

Defendant David W. Hall has moved the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 42) and the Motion has been referred to the United States Magistrate Judge under the General Order of Assignment and Reference for the Dayton location of court. The case is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Cases.

Defendant pleads two grounds for relief:

> **Ground One**: The defendant was submitted to a higher sentence range above the max. that he could receive. Defendant sentencing should have been in the range of 57 months, which was the high end.
>
> **Ground Two**: The rule of Lenity requires remand in this case.

(Motion, Doc. No. 1, at 5.)

The record in this case shows that Defendant was indicted on April 22, 2008, on three counts of possession of crack cocaine with intent to distribute it and one count of possessing a firearm after having been convicted of a felony; the first two counts specified that more than five grams of crack was involved. (Indictment, Doc. No. 5.) In July, 2008, with the assistance of counsel, Hall entered

into a plea agreement under which he would plead guilty to one count of possessing with intent to distribute more than five grams of crack cocaine and the other three counts would be dismissed . (Plea Agreement, Doc. No. 24, ¶¶ 1-2.)

The Plea Agreement makes it quite explicit that Defendant must be sentenced to at least five years imprisonment. Paragraph 3 of the Plea Agreement reads "The Defendant understands and acknowledges that a guilty plea to Count 1 of the Indictment requires by statute a minimum term of imprisonment of at least five years." The mandatory statutory minimum penalty of five years is also recited in ¶ 2. Paragraph 7 recites Defendant's understanding that a §5K.l substantial assistance motion, even if filed and granted, "shall have no effect whatsoever on the five (5) year minimum, mandatory sentence stemming from the violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) charged in Count 1."

In his Sentencing Memorandum to the Court (Doc. No. 30), Defendant requested that the Court impose the sentence recommended by the Probation Department, sixty months imprisonment. The United States Attorney recommended the same sentence, acknowledging that it was the low end of the Advisory Guideline range. (U.S. Sentencing Memorandum, Doc. No. 29.) Judge Rice imposed precisely that sentence (Minutes of Sentencing Hearing, Doc. No. 32; Judgment, Doc. No. 33). Defendant took no appeal.

Defendant now asserts that the offense level for his offense, after adjustment for acceptance of responsibility and timely notification of intention to plead guilty, is twenty-one. Because of this and his criminal history score, he alleges the top of the guideline range for his sentence is fifty-seven months. Defendant also argues that the Sentencing Guidelines are now advisory, in light of *United States v. Booker*, 543 U.S. 220 (2005), and the Court need not follow the 100:1 ratio for powder to crack cocaine which characterized the Guidelines for many years, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).

Defendant is correct that the advisory sentencing range for his offense of conviction, without considering the statutory minimum, was forty-six to fifty-seven months (Presentence Investigation Report, ¶ 87). However, as the PSIR also points out, "where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. The statutory minimum is 5 years." *Id*.

Defendant's Motion emphasizes that the Sentencing Guidelines have now become discretionary and notes

> I'm very sure that this court may determine that, in a particular case, a stated guideline sentence is greater than necessary to serve the objective of sentence the individual defendant, by considering the disparity between the guideline treatment of crack cocaine and powder cocaine offense.

(Motion, Doc. No. 1, at 3.) Defendant is certainly correct that, after *Booker*, a federal judge's obligation is to impose a reasonable sentence, considering but not being bound by the Sentencing Guidelines.

However, nothing in *Kimbrough* or any of the other post-*Booker* jurisprudence known to this Court empowers a federal judge to ignore a statutory mandatory minimum sentence. While much has been written about the wisdom of mandatory minimum sentences, there is little doubt that legislatures have the power to require such sentences and Congress has done so with respect to possession of five grams of crack cocaine for distribution. Defendant acknowledged in the Plea Agreement that he understood there was a statutory mandatory minimum sentence and the Statement of Facts attached to the Plea Agreement, admitted by Defendant, plainly show that he committed the offense to which Congress has attached a mandatory minimum penalty. In short, the Court imposed, with the concurrence of Defendant's counsel and the United States, the minimum sentence allowed by law for the offense to which Defendant pled guilty. Defendant's first ground for relief is without merit.

In his second ground for relief, Defendant claims the benefit of the "rule of lenity." Properly understood, that "rule" is a canon of statutory interpretation requiring strict construction – construction in favor of the accused – of criminal statutes. See, e.g., *Liparota v. United States,* 471 U.S. 419, 427 (1985). It is a sort of "junior version" of the vagueness doctrine and ensures fair warning by resolving ambiguity in a criminal statute so as to apply it only to conduct clearly covered. The rule is applicable to penalty provisions of criminal statutes, as well as substantive prohibitions. *United States v. R.L.C.,* 503 U.S. 291 (1992).

> The rule of lenity, however, is not applicable unless there is a "grievous ambiguity or uncertainty in the language and structure of the Act," *Huddleston v. United States,* 415 U.S. 814, 831, 39 L. Ed. 2d 782, 94 S. Ct. 1262 (1974), such that even after a court has "'seized every thing from which aid can be derived,'" it is still "left with an ambiguous statute." *United States v. Bass*, 404 U.S. 336, 347, 30 L. Ed. 2d 488, 92 S. Ct. 515 (1971) (quoting *United States v. Fisher*, 6 U.S. 358, 2 Cranch 358, 386, 2 L. Ed. 304 (1805))."The rule [of lenity] comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." *Callanan v. United States*, 364 U.S. 587, 596, 5 L. Ed. 2d 312, 81 S. Ct. 321 (1961).

*Chapman v. United States*, 500 U.S. 453, 464 (1991). There is simply no ambiguity in the sentencing statute applicable to this case. 21 U.S.C. § 841(b)(1)(B)(iii) plainly says that a person who violates §841(a) by committing an offense involving five grams or more of cocaine base "shall be sentenced to a term of imprisonment which may not be less than 5 years. . . ."

In this portion of his Motion, Defendant seems to be arguing that the rule of lenity requires this Court to disregard his prior aggravated trafficking conviction from 1996 in imposing a sentence. *See* ¶ 37 of the Presentence Investigation Report assessing three criminal history points for this conviction. However, it was not the prior conviction which resulted in a mandatory minimum sentence in this case, but the quantity of crack cocaine sold.

Defendant's Ground Two for relief is without merit.

**Conclusion**

For the reasons set forth in this Report, Defendant's Motion under 28 U.S.C. § 2255 should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion and any appeal would be objectively frivolous, the Court should deny Defendant any requested certificate of appealability and leave to appeal *in forma pauperis*.

October 20, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).