# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,      :      Case No. 3:08-cr-062
                                                                Also Case No. 3:09-cv-396

                                                              District Judge Walter Herbert Rice
      -vs-                                                Magistrate Judge Michael R. Merz

                                             :

DAVID W. HALL,

       Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION TO RETURN CASE TO DOCKET

This case is before the Court on Defendant David W. Hall's Motion to Return Case to the Docket (Doc. No. 47).

On March 5, 2010, this Court overruled Defendant's Objections (Doc. No. 44) to the Magistrate Judge's Report and Recommendations (Doc. No. 43) and dismissed Defendant's § 2255 Motion with prejudice. Defendant took no appeal and the judgment thus became final thirty days after it was entered. Defendant's instant Motion is therefore properly treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Thus construed, the Motion requires a recommendation rather than a decision from a magistrate judge.

In his § 2255 Motion, Defendant sought a reduction in the five-year mandatory minimum sentence he received for his offense of conviction: possession with intent to distribute in excess of five grams of crack cocaine. The Court concluded that the policy issues Defendant raised did not rise to the level of a constitutional violation such as would permit relief under § 2255. The Court also concluded that reasonable jurists would not disagree with its disposition and denied a certificate

1

of appealability.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz*). The Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without precertification by the court of appeals.

Defendant here has not sought permission from the Sixth Circuit to file a new § 2255 motion. However, his Motion to Return Case to the Docket amounts to a new § 2255 motion rather than a proper Fed. R. Civ. P. 60(b) motion to correct this Court's prior judgment on the merits of his claims. That is because the instant Motion seeks to add a "new" claim, to wit, that his sentence should be reduced in light of enactment of The Fair Sentencing Act earlier this month which reduces that crack/powder cocaine sentencing discrepancy. However, the act is not on its face retroactive and does not contain any discretionary authority for judges to make it retroactive. In any event, seeking relief under the act constitutes a "new" claim which cannot be made – in the form for a Rule 60(b) motion or otherwise – without permission of the Court of Appeals.

Because the Sixth Circuit has not given Defendant permission to file a second § 2255 motion, the instant Motion should be denied without prejudice unless and until Defendant obtains that permission.

August 13, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).