# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                    :        Case No. 3:08-cr-062
                                                     Also Case No. 3:09-cv-396

                                                     District Judge Walter Herbert Rice
      -vs-                                    Magistrate Judge Michael R. Merz

                                                   :

DAVID W. HALL,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's filing of a Financial Affidavit with attached account sheets for his prison account (Doc. No. 60). The Court presumes this Affidavit is in support of a desire on Defendant's part that his newly-filed appeal (Doc. No. 59) should be able to proceed *in forma pauperis*.

The Financial Affidavit does establish that Defendant cannot afford the $455 filing fee. However that is insufficient to establish a right to appeal *in forma pauperis*. In denying Defendant's § 2255 Motion related to his claim that his sentence should be modified because the Sentencing Guidelines had become advisory only, Judge Rice held that "reasonable jurists would not disagree with this Court's conclusion herein and, further, that any appeal would be <u>objectively</u> frivolous, this Court denies Defendant a requested Certificate of Appealability and leave to appeal *in forma pauperis*. (Decision and Entry of March 5, 2010, PageID 19.) Based on that holding, Defendant cannot proceed on appeal *in forma pauperis* without obtaining a reversal of Judge Rice's conclusion and he has made no argument to that effect.

As the Court of Appeals also held, Defendant must also obtain a certificate of appealability before he can appeal, and Judge Rice also denied such a certificate in the March 5, 2010, Decision.

To the extent Defendant's Financial Affidavit constitutes a request to proceed on appeal *in forma pauperis*, it should be denied.

April 25, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).